CHARLES G. SMITH, State Bar No. 116242
  *charlie@CharlesGSmithLaw.com*
DANA M. SILVA, State Bar No. 271920
  *dana@CharlesGSmithLaw.com*
LAW OFFICES OF CHARLES G. SMITH, APC
15303 Ventura Boulevard, Suite 1650
Sherman Oaks, California 91403-6620
Telephone: 310-401-1370
Facsimile: 818-382-3433

Attorneys for Plaintiff
Pure Moving & Storage, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PURE MOVING & STORAGE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PURE MOVING SYSTEMS, a business organization, form unknown; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1) INFRINGEMENT OF SERVICE MARK UNDER 15 U.S.C. § 1114;**<br>**2) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**<br>**3) SERVICE MARK DILUTION UNDER 15 U.S.C. § 1125(c);**<br>**4) MISAPPROPRIATION OF THE RIGHT TO PUBLICITY UNDER CAL. CIVIL CODE § 3344;**<br>**5) COMMON LAW MISAPPROPRIATION OF THE RIGHT TO PUBLICTY;**<br>**6) COMMON LAW SERVICE MARK INFRINGEMENT;**<br>**7) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 *ET SEQ*.; AND**<br>**8) SERVICE MARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14247**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Pure Moving & Storage, Inc., a California corporation ("Plaintiff" or "Pure Moving"), by and through its attorneys of record, for its Complaint against Defendant Pure Moving Systems, a business organization, form unknown ("PMS"),

alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of Plaintiff's trademark rights, for unfair competition, and for dilution under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), as well as for substantial and related claims of misappropriation of right to publicity, unfair competition and trademark infringement under the statutory and common laws of the State of California, all arising from Defendants' unauthorized use of the mark "Pure Moving" in connection with Defendants' moving services.

2. Plaintiff seeks injunctive relief.

## JURSIDICTION AND VENUE

3. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that PMS resides in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district; and PMS conducts business in this judicial district.

## PARTIES

5. Plaintiff is a corporation that is incorporated in California and has its principal place of business in the City and County of Los Angeles, in the State of California.

6. Plaintiff is informed and believes, and on that basis avers, that at all relevant times herein, PMS is a business organization of form unknown. Plaintiff is informed and believes that PMS is an organization that is incorporated and that has its principal place of business in a state other than California. PMS operates a moving business. PMS used to operate its business as Apple Van Lines until late 2017 when it began operating in California under the name "Pure Moving."

7. The true names and capacities, whether individual, corporate, associate, partnership, limited liability company, or otherwise, of Doe Defendants 1-10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff alleges, on information and belief, that each of the fictitiously-named Defendants are responsible in some manner for the wrongful conduct herein alleged, and that such wrongful conduct caused harm to Plaintiff.

## FACTUAL BACKGROUND

**A.    Plaintiff and its "Pure Moving" Mark.**

8. Plaintiff is a California licensed moving and storage company, operating continuously for more than five years under the name "Pure Moving." Plaintiff has a license through the California Public Utilities Commission, which permits it to operate as a moving company for moves anywhere within the State of California.

9. Plaintiff is the owner of the valid service mark "Pure Moving" (hereinafter referred to as the "Pure Moving Mark"). Plaintiff has applied for registration of the Mark through the United States Patent and Trademark Office ("USPTO"). The USPTO has assigned this application serial number 87711050. Attached as **Exhibit 1** is a true and correct copy of the notice of application. Plaintiff has also submitted an application for trademark registration in California.

10. On December 28, 2012, Plaintiff filed its Articles of Incorporation. At all times, Plaintiff has been a California corporation in good standing with the State of California operating its business under the name "Pure Moving & Storage, Inc." A true and correct a copy of Plaintiff's Articles of Incorporation and its latest Statement of Information are attached hereto as **Exhibit 2.**

11. Plaintiff has used the Pure Moving Mark in commerce throughout the State of California continuously since December 28, 2012 in connection with the

provision, offering for sale, sale, marketing, advertising and promotion of moving and storage services.  Attached hereto as **Exhibit 3** are copies of materials showing Plaintiff's use of the Pure Moving Mark in connection with these services.

12. As a result of its widespread, continuous and exclusive use of the Pure Moving Mark to identify its services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Pure Moving Mark.

13. Plaintiff's Pure Moving Mark is distinctive to both the consuming public and Plaintiff's trade.

14. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the Pure Moving Mark including through Plaintiff's marketing, advertising, and promotional efforts and channels for services under the Pure Moving Mark.  During the period from January 1, 2017 to June 30, 2017 alone, Plaintiff has expended in excess of $68,000 on the marketing, advertising, and promotion of the services sold under the Pure Moving Mark.

15. Plaintiff provides and sells services under the Pure Moving Mark in trade channels through which moving and storage services are provided.

16. Plaintiff offers and sells its services under its Pure Moving Mark to persons in California who need to move locations within California or who need to store property.

17. The services Plaintiff offers under the Pure Moving Mark are of high quality.  Plaintiff is consistently ranked as the top or one of the top moving companies in Los Angeles by the independent review site, www.yelp.com.

18. As a result of Plaintiff's expenditures and efforts, the Pure Moving Mark has come to signify the high quality of the services designated by the Pure Moving Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

19. As a result of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's Pure Moving Mark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendants alleged herein.

20. Plaintiff has scrupulously protected its Pure Moving Mark against infringements. When it learned of its unlawful activities, Plaintiff immediately reached out to PMS and demanded that it cease and desist from infringing on the Pure Moving Mark.

B. **Defendants' Unlawful Activities.**

21. Upon information and belief, PMS is engaged in the moving business. For years, PMS operated under the name Apple Van Lines. However, in the fall of 2017, upon information and belief, PMS decided to change the name of its Department of Transportation license and open its only office in Los Angeles, California under the name "Pure Moving." Although at times PMS refers to itself as Pure Moving Systems, upon information and belief, PMS answers the telephone as "Pure Moving" and refers to itself in business communications as "Pure Moving." Upon information and belief, PMS refers to employees as working for "Pure Moving, LLC" and it refers to its company as "Pure Moving, LLC." In the disclaimers relating to the quote provided to its customers, PMS refers to itself as "Pure Moving" seventeen times and on three occasions refers to itself as "Pure Moving, LLC." (*See* Exhibit 4 at 4-8.)

22. However, despite the fact that PMS lists its only location for its DOT license in Los Angeles County and despite the fact that, upon information and belief, PMS's only office is located in Los Angeles County, PMS **is not registered as an entity in California**. It is not registered in California as a California corporation, a California limited liability company, a foreign corporation or a foreign limited liability company.

23.     Without Plaintiff's authorization, and upon information and belief, beginning more than four and a half years after Plaintiff acquired protectable exclusive rights in its Pure Moving Mark, PMS adopted and began using a mark identical and/or confusingly similar to Plaintiff's Pure Moving Mark (hereinafter, the "Infringing Mark") in U.S. commerce.

24.     The Infringing Mark adopted and used by PMS is identical to and/or confusingly similar to Plaintiff's Pure Moving Mark.  Both companies use the term "Pure Moving" when answering the telephone and when referring to their respective companies.  Upon information and belief, both companies hold themselves out to the public as a moving company under the name "Pure Moving."

25.     Upon information and belief, PMS had a poor reputation in the industry based on its questionable business practices when it operated as Apple Van Lines.  Upon information and belief, PMS therefore moved its offices to Los Angeles and changed its name to a name that is identical to Plaintiff – one of the top-rated moving company in Los Angeles on www.yelp.com.

26.     Upon information and belief, PMS has been engaged in the provision, advertising, promotion, offering for sale, and sale of services using the Infringing Mark throughout the State of California and the United States.  Attached hereto as **Exhibit 4** are true and correct copies of materials showing PMS's use of the Infringing Mark.

27.     Upon information and belief, the services PMS has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are moving company services.

28.     Upon information and belief, PMS has provided, marketed, advertised, promoted, offered for sale, and sold its services under the Infringing Mark.  Upon information and belief, when customers and potential customers ask PMS to prove that it is a reputable company, PMS instructs customers and potential customers to "Google" the term, "Pure Moving."  A Google search of "Pure Moving" directs

1 users to Plaintiff. Accordingly, PMS is trading on good reviews and the goodwill of
2 Plaintiff's business to draw business to PMS. Further, when customers complain
3 about PMS's questionable business practices, customers post negative reviews on
4 review sites that are connected directly with Plaintiff. As a result, Plaintiff's
5 reputation in the industry has been harmed by negative reviews relating to PMS's
6 business practices.

7     29. Upon information and belief, the services PMS offers under the
8 Infringing Mark involve a practice of offering an initial low price, but then fail to
9 provide moving services in a professional competent manner, including not showing
10 up within hours of the scheduled arrival, and requiring a final price that is
11 sometimes many times more than the price originally quoted.

12     30. On December 28, 2017, Plaintiff's counsel sent a cease and desist letter
13 to PMS objecting to PMS's use of the Infringing Mark. Attached hereto as **Exhibit
14 5** is a true and correct copy of Plaintiff's counsel's December 28, 2017 cease and
15 desist letter to PMS. To date, PMS has not complied with the demands set out in
16 Plaintiff's counsel's cease and desist letter.

17     31. PMS's infringing acts as alleged herein have caused and are likely to
18 cause confusion, mistake, and deception among the relevant consuming public as to
19 the source or origin of the PMS's services and have and are likely to deceive the
20 relevant consuming public into believing, mistakenly, that PMS's services originate
21 from, are associated or affiliated with, or otherwise authorized by Plaintiff.

22     32. PMS's infringing acts as alleged herein have resulted in actual
23 confusion as evidenced by reviews posted online complaining of PMS's actions, but
24 citing Plaintiff as the cause of the complaint.

25     33. Upon information and belief, PMS's acts are willful with the deliberate
26 intent to trade on the goodwill of Plaintiff's Pure Moving Mark, cause confusion and
27 deception in the marketplace, and, as a result, reduce the number of potential sales
28 of Plaintiff's services.

34. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### [Infringement of Service Mark - 15 U.S.C. § 1114]

### [Against All Defendants]

35. Plaintiff repeats and re-alleges paragraphs 1 through 34, inclusive, hereof, as if fully set forth herein.

36. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Pure Moving Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

38. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

39. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

### [Unfair Competition -15 U.S.C. § 1125(a)]

### [Against All Defendants]

40. Plaintiff repeats and re-alleges paragraphs 1 through 34 and 36 through 39, inclusive, hereof, as if fully set forth herein.

41. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

42. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

43. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

44. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

46. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

### [Service Mark Dilution -15 U.S.C. § 1125(c)]

### [Against All Defendants]

47. Plaintiff repeats and re-alleges paragraphs 1 through 34, 36 through 39, and 41 through 46, inclusive, hereof, as if fully set forth herein.

48. Plaintiff's Pure Moving Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Plaintiff's Pure Moving Mark became distinctive and famous prior to the Defendants' acts as alleged herein.

50. Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Pure Moving Mark.

51. Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Pure Moving Mark by undermining and damaging the valuable goodwill associated therewith.

52. Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

53. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF

### [Misappropriation Of The Right To Publicity - Cal. Civil Code § 3344]

### [Against All Defendants]

54. Plaintiff repeats and re-alleges paragraphs 1 through 34, 36 through 39, 41 through 46, and 48 through 53, inclusive, hereof, as if fully set forth herein.

55. As alleged herein, Defendants have been knowingly and intentionally using the Pure Moving Mark for Defendants' own commercial purposes, without Plaintiff's permission or consent.

56. There is a direct connection between Defendants' unauthorized use of the Pure Moving Mark and Defendants' use of the Infringing Mark for commercial purposes in promoting Defendants' services.

57. As a direct and proximate cause of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged in an amount according to proof, including statutory damages under Cal. Civil Code § 3344, or Plaintiff's actual damages, whichever is greater, plus the profits or income derived by Defendants from their use of the Infringing Mark.

58. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to Cal. Civil Code § 3344(a).

59. Defendants have acted with oppression, fraud, and malice, or, alternatively, Defendants have acted in such conscious disregard of Plaintiff's right to publicity that, as a direct and proximate result of Defendants' conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants and to make examples of them to others as provided for in Cal. Civil Code § 3344(a).

## FIFTH CLAIM FOR RELIEF

**[Misappropriation Of The Right To Publicity – Common Law]**

**[Against All Defendants]**

60. Plaintiff repeats and re-alleges paragraphs 1 through 34, 36 through 39, 41 through 46, and 48 through 53, and 55 through 59, inclusive, hereof, as if fully set forth herein.

61. Separate and apart from, any statutory violation of Cal. Civil Code § 3344, by using and continuing to use the Infringing Mark in commerce, Defendants have committed an invasion of Plaintiff's right of publicity as

recognized by the common law of the State of California, and as supported and protected by the Constitution of the State of California.

62. Plaintiff has not consented to Defendants' use of the Pure Moving Mark.

63. Defendants knowingly used the Infringing Mark in commerce in connection with the sale and promotion of its moving and storage services, without Plaintiff's consent and for Defendants' commercial advantage.

64. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has been damaged in an amount to be determined at trial.

65. Defendants' use of the Infringing Mark is a misappropriation of Plaintiff's right to publicity under common law entitling Plaintiff to injunctive relief to prevent and restrain further unauthorized uses of the Pure Moving Mark by Defendants, Plaintiff's actual damages, and punitive and exemplary damages.

## SIXTH CLAIM FOR RELIEF

### [Service Mark Infringement – Common Law]

### [Against All Defendants]

66. Plaintiff repeats and re-alleges paragraphs 1 through 34, 36 through 39, 41 through 46, 48 through 53, 55 through 59, and 61 through 65, inclusive, hereof, as if fully set forth herein.

67. By reason of Plaintiff's continuous use and promotion of the Pure Moving Mark, as well as the distinctiveness of the Pure Moving Mark, consumers associate and recognize the mark as representing a single source or sponsor of goods, and therefore Plaintiff's Pure Moving Mark is protectable at common law.

68. Plaintiff owns and enjoys common law trademark rights in the Pure Moving Mark, which rights are superior to any rights that Defendants may claim in and to those trademarks with respect to Defendants' products. Plaintiff's Pure Moving Mark is inherently distinctive and have acquired secondary meaning with

the trade and consuming public, and/or have become distinctive in the minds of customers, in that the mark is associated with Plaintiff.

69. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes service mark infringement in violation of common law and B&P Code § 14259.

70. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Pure Moving Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

71. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

72. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under common and statutory state law, together with prejudgment and post-judgment interest.

### SEVENTH CLAIM FOR RELIEF
### [Unfair Competition - Cal. Bus. & Prof. Code § 17200 *et seq*.]
### [Against All Defendants]

73. Plaintiff repeats and re-alleges paragraphs 1 through 34, 36 through 39, 41 through 46, 48 through 53, 55 through 59, 61 through 65, and 67 through 72, inclusive, hereof, as if fully set forth herein.

74. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

75. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

76. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

77. Defendants' conduct as alleged herein constitutes unfair competition in violation of B&P §17200.

78. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

79. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under B&P § 17200, together with prejudgment and post-judgment interest.

## EIGHTH CLAIM FOR RELIEF

### [Service Mark Dilution - Cal. Bus. & Prof. Code § 14247]

### [Against All Defendants]

80. Plaintiff repeats and re-alleges paragraphs 1 through 34, 36 through 39, 41 through 46, 48 through 53, 55 through 59, 61 through 65, 67 through 72, and 74 through 79, inclusive, hereof, as if fully set forth herein.

81. Plaintiff's Pure Moving Mark is distinctive and a "famous mark" within the meaning of B&P § 14247.

82. Plaintiff's Pure Moving Mark became distinctive and famous prior to the Defendants' acts as alleged herein.

83. Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Pure Moving Mark.

84. Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Pure Moving Mark by undermining and damaging the valuable goodwill associated therewith.

85. Defendants' acts as alleged herein are intentional and willful in violation of common law and B&P § 14247, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

86. Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under common law and B&P § 14247, together with prejudgment and post-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil Procedure, Rule 38(b) (28 U.S.C. § 38).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1. Granting a preliminary and permanent injunction enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those acting in concert and

participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.    providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote any moving or storage services bearing the mark Pure Moving or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Pure Moving Mark;

    b.    engaging in any activity that infringes Plaintiff's rights in its Pure Moving Mark;

    c.    engaging in any activity constituting unfair competition with Plaintiff;

    d.    engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's Pure Moving Mark;

    e.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

    f.    using or authorizing any third party to use in connection with any business or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business and/or services with Plaintiff or tend to do so;

    g.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark Pure Moving or any other mark that infringes or is

likely to be confused with Plaintiff's Pure Moving Mark, or any services of Plaintiff, or Plaintiff as their source; and

      h.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

2. That Defendants, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1116(a), file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

3. That Defendants immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark Pure Moving or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Pure Moving Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, boxes, containers, advertisements, signs, displays, and other materials featuring or bearing the mark Pure Moving or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Pure Moving Mark, and to immediately remove them from public access and view;

4. That Defendants recall and deliver up for destruction or other disposition all advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark Pure Moving or any other mark that is a

1 counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's
2 Pure Moving Mark;
3     5.    That Defendants formally abandon with prejudice any and all of its
4 applications to register the mark Pure Moving or any mark consisting of,
5 incorporating, or containing Plaintiff's Pure Moving Mark or any counterfeit, copy,
6 confusingly similar variation, or colorable imitation thereof on any state or federal
7 trademark registry;
8     6.    That Defendants cancel with prejudice any and all of its registrations
9 for the mark Pure Moving or any mark consisting of, incorporating or containing
10 Plaintiff's Pure Moving Mark or any counterfeit, copy, confusingly similar
11 variation, or colorable imitation thereof on any state or federal trademark registry;
12     7.    That Defendants be adjudicated to have violated Section 32 of the
13 Lanham Act, 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C.
14 § 1125(a); and Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) by infringing
15 on Plaintiff's service mark, engaging in unfair competition relating to the use of
16 Plaintiff's service mark, and by diluting Plaintiff's service mark;
17     8.    That Defendants be adjudicated to have violated common law and B&P
18 Code §§ 14259, 17200 *et seq.*, and 14247, by infringing on Plaintiff's service mark,
19 engaging in unfair competition relating to the use of Plaintiff's service mark, and by
20 diluting Plaintiff's service mark;
21     9.    That Defendants be adjudicated to have violated Plaintiff's right to
22 publicity by using Plaintiff's Pure Moving Mark in commerce without Plaintiff's
23 consent and for Defendants' own commercial purpose;
24     10.    Granting such other and further relief as the Court may deem proper to
25 prevent the public and trade from deriving the false impression that any goods or
26 services manufactured, sold, distributed, licensed, marketed, advertised, promoted,
27 or otherwise offered or circulated by Defendants are in any way approved, endorsed,
28 licensed, sponsored, authorized, or franchised by or associated, affiliated, or

18

Case No.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

11. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' misconduct;

12. That Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff for the damages caused thereby;

13. That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a));

15. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition and false advertising under California Business and Professions Code § 17200 *et seq*. under federal law and California common law;

16. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendants' violation of Plaintiff's rights under Cal. Civil Code § 3344 and common law, and award to Plaintiff for costs and reasonable attorneys' fees under Cal. Civil Code § 3344;

17. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

18. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums;

19. Awarding such other and further relief as the Court deems just and proper.

DATED: February 23, 2018

LAW OFFICES OF CHARLES G. SMITH, APC

By: /s/ Charles G. Smtih
Charles G. Smith
Attorneys for Plaintiff Pure Moving & Storage, Inc.

LAW OFFICES OF CHARLES G. SMITH, APC
15303 VENTURA BOULEVARD, SUITE 1650
SHERMAN OAKS, CALIFORNIA 91403-6620
Tel 310-401-1370 • Fax 818-382-3433

20
Case No.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF